Katelyn D. Skinner, OSB No. 105055
Katrina Seipel, OSB No. 164793
Buckley Law, P.C.
5300 Meadows Road, Suite 200
Lake Oswego, OR  97035
Telephone:  503-620-8900
Fax:  503-620-4878
Emails:  kds@buckley-law.com
          kas@buckley-law.com
Of Attorneys for Petitioner Liliana Mondragón Martinez

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

### Portland Division

In re the Application of:

LILIANA JACQUELINE MONDRAGON MARTINEZ,

      Petitioner,

  and

OSCAR AURELIO VEGA CONTRERAS,

      Respondent.

Case No.: 3:24-cv-00694-HZ

PETITIONER'S SUPPLEMENTAL MOTION IN LIMINE AND MOTION FOR SANCTIONS

The Convention on the Civil Aspects of International Child Abduction
Done at the Hague on 25 Oct 1980
International Child Abduction Remedies Act, 22 USC § 9001 *et seq.*

COMES NOW, Petitioner Liliana Mondragón Martinez, by and through her attorneys of record, Katrina Seipel and Buckley Law, P.C., and submits the following Supplemental Motion in Limine in anticipation of the three-day trial scheduled for July 24, 25, and 26, 2024, before the Honorable Marco Hernandez. Though the Court ordered all Motions in Limine to be submitted to it no later than July 1, 2024, the basis of this particular Motion occurred after

July 1, 2024, and so Petitioner respectfully requests that this Court consider this Motion in Limine.

MOTION IN LIMINE

Following the telephonic scheduling conference in this matter, held on June 13, 2024, this Court issued a Scheduling Order stating, "Except for good cause shown, no exhibits or testimony will be received in evidence at trial unless presented in accordance with this order." Respondent did not present his exhibits to the Court in accordance with the Order, and he has not shown good cause for the delay. As such, Petitioner requests that Respondent be prohibited from introducing documentary evidence into the record at trial in this matter.

The Court's Scheduling Order ordered the parties to submit hard copies of their exhibits to the Court no later than July 1, 2024. However, at a telephonic conference held on the afternoon of July 1, 2024, the Court extended this deadline one day, ordering the parties to submit hard copies of their exhibits no later than July 2, 2024. On Monday, July 8, 2024, Petitioner's counsel learned, through an email sent to counsel for Respondent, Ms. Kimberly Brown, by this Court's Courtroom Deputy, Ms. Jennifer Paget, that Respondent had not yet submitted any exhibits to the Court. Following this initial email, Ms. Paget sent another email to Ms. Brown's paralegal, Lisa Parsons, indicating she had received an out of office automated response from Ms. Brown and asking for assistance. Having also received that out of office automated response, Petitioner's counsel attaches the message as **Exhibit 1**. Notably, the out of office message states that Ms. Brown is out of office due to illness. Assuming the Court relied on this message, Petitioner's counsel understands that the Court accepted hard copies of Respondent's exhibits on July 10, 2024, eight days late.

Ms. Brown's out of office message indicating illness was a misrepresentation to both this counsel and the Court, and this Court should not consider Ms. Brown's absence to be "good cause" such that it receives and considers Respondent's exhibits in the upcoming trial

in this matter. On Tuesday, July 8, 2024, Petitioner's counsel received a call from Ms. Parsons on Ms. Brown's behalf. Ms. Parsons relayed that she was assisting Ms. Brown on this matter. She further indicated that Ms. Brown was not out of office due to illness; rather, she was out on a pre-planned two-week vacation, scheduled for July 8 through July 19, 2024. Per Ms. Brown's representative's representation, Respondent's failure to obey the Court's Order regarding submission of exhibits is unacceptable. Where Ms. Brown was not "out of office" the week of July 1 through July 5, there is no "good cause" for the delay.

Accordingly, Respondent must be prohibited from introducing documentary evidence into the record at trial in this matter.

<u>MOTION FOR SANCTIONS</u>

Fully understanding the serious nature of requesting sanctions and the serious nature of the conduct required for sanctions to be imposed, as elaborated on below, Petitioner respectfully requests an order of sanctions against Respondent's counsel pursuant to 28 USC § 1927.

As this Court is aware, Petitioner's counsel has had numerous issues with Respondent's production of discovery as the parties have been preparing to go to trial in the coming weeks. On July 1, 2024, the Court held a telephonic conference regarding these very issues. The transcript of this proceeding is attached hereto as **Exhibit 2**, and a relevant portion follows:

THE COURT: … What is going on with those documents?

MS. BROWN: I finally issued a subpoena last week for them because my client has not been able to get to the records places because of his work schedule. So I finally issued subpoenas on those last week and that's where those are at because my client was going to pick them up, because it would be less expensive for him if he could get it, but he hasn't been able to get off work. That's what's going on there.

THE COURT: And when are the – you subpoenaed the records. When are they subpoenaed for?

MS. BROWN: Well, I subpoenaed them to come in at the end of this week because I just did that at the very end of last week, so I didn't think I could say by Monday, so I subpoenaed them to come in by Friday.

THE COURT: And based on the records you subpoenaed, do you believe that the records you will get will be responsive to the records that have been requested on the part of the petitioner?

MS. BROWN: Yes, sir.

THE COURT: Complete – completely responsive?

MS. BROWN: Yes, sir.

THE COURT: You expect to have those by Friday if they honor your subpoena?

MS. BROWN: Yes, sir.

THE COURT: Have you communicated with them so that – and alerted those – it sounds like it's a variety of different people that you issued subpoenas to in order to get, for example, school records, which would be different than dental records, which would be different than hospital records.

MS. BROWN: Yes, sir.

THE COURT: So how many subpoenas did you issue?

MS. BROWN: I issued one to the doctor who performed – the clinic that performed the ear surgery. I issued a subpoena to the hospital that saw the child with the ear infection injury at the first time. I issued subpoenas to the school district and I issued a subpoena to the dental office.

THE COURT: So you expect all of those by Friday?

MS. BROWN: I am – I have issued the subpoenas asking them to be here by Friday, sir.

(Exhibit 2, Transcript, p. 9 line 14 – p. 11 line 3)

Following this hearing, Petitioner's counsel requested copies of the noted subpoenas from Ms. Brown on three separate occasions, as she did not receive copies prior to the

subpoenas being sent out. See **Exhibits 3, 4, and 5**. In response to the request for copies of the subpoenas, Ms. Brown sent one email, **Exhibit 6**, stating that she would send copies on Friday, July 5, 2024. Copies were not sent that day.

The following week, Petitioner's counsel made contact with Ms. Brown's paralegal, Ms. Parsons, via telephone. Ms. Parsons relayed that no subpoenas had been sent out yet. Ms. Parsons then sent an email again stating that no subpoenas had been sent out yet, see **Exhibit 7**. Following this telephone conversation and email exchange, Petitioner's counsel began to have serious concerns that (1) Respondent's counsel had made misrepresentations about discovery and was potentially withholding highly relevant evidence and (2) Respondent's counsel appeared to have made misrepresentations to the Court, which is prohibited by both the Oregon Rules of Professional Conduct, as will as District of Oregon Local Rules.

Genuinely hoping to be wrong about these conclusions, Petitioner's counsel sent an email to Ms. Brown as evidenced in **Exhibit 8**. Ms. Brown's paralegal's responses are also included in **Exhibit 8**.

Ms. Parsons indicates in **Exhibit 8** that Respondent's Exhibits 219, 220, and 221 are the documents her office received in response to the subpoenas. Rather unfortunately, this appears to be another misrepresentation, as Exhibits 220 and 221 are also attached to Respondent's Response to the Petition in this matter, which document was filed on May 30, 2024, well before any subpoenas were claimed to have been served on any entity.

On July 10, 2024, Ms. Brown filed her own exhibit list with the Court, correcting Exhibits 219, 220, and 221 to be numbered as 519, 520, and 521. Also on July 10, Ms. Parsons finally sent Petitioner's counsel copies of the subpoenas that were claimed to have been served days prior, see **Exhibits 9, 10, and 11**. The subpoenas are addressed to (1) Eastwood Elementary School, (2) Virginia Garcia Memorial Health, and (3) Acorn Dentistry for Kids. The subpoena Ms. Brown informed this Court that she sent to the child's ENT surgeon at

Providence was not provided. All three subpoenas provided by Ms. Brown provide a service date of June 26, 2024. Markedly, Exhibit 521 (formerly 221) is dated by the entity May 22, over a month before the subpoena was even served on the entity.

Based on these facts and having reason to question the trustworthiness of Respondent's counsel's claims, as well as the legitimateness of the provided subpoenas, Petitioner's counsel's paralegal, Lucas Dudley, reached out to the subpoenaed entities to inquire about the subpoenas and any records produced in response. On July 10, 2024, Mr. Dudley spoke with the records department at Virginia Garcia Memorial Health, and he was told that they had never received a subpoena, nor had they ever produced any records pertaining to SVM in response to any such subpoena. Exhibit 520, which Ms. Brown claims was received in response to her subpoena, is a compilation of records from Virginia Garcia Memorial Health.

Petitioner's counsel has serious and substantial concerns regarding the above stated issues. The parties to this case are less than two weeks out from their trial date. Petitioner's counsel is resigned to the fact that Petitioner will not have full discovery prior to going to trial and, to that end, does not request a continuance of trial. However, Petitioner's counsel has spent a significant amount of time and billed countless hours assessing and strategizing how to proceed in this matter with the extensive and concerning issues outlined herein. As such, Petitioner requests that monetary sanctions in the form of her attorney's fees be imposed on Respondent's counsel, and Ms. Brown's law firm, directly. Petitioner does not have reason to believe that Respondent himself is at fault for the foregoing issues.

Pursuant to 28 USC § 1927, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Based on the above, the only conclusion that can be drawn at this point is that Respondent's counsel multiplied the proceedings in this case unreasonably and vexatiously. Petitioner's counsel brings this Motion for Sanctions not only to recover the significant attorney fees incurred in dealing with these issues, but also to abide by her own ethical and professional responsibilities to inform the Court of misrepresentations. Petitioner's counsel requests an in person hearing on this matter for Ms. Brown to show good cause, if any there be, why this Court should not impose sanctions in the form of Petitioner's attorney fees.

<u>CONCLUSION</u>

For the foregoing reasons, Petitioner respectfully moves in limine for an order prohibiting Respondent from introducing documentary evidence into the record at trial. Petitioner additionally requests that this Court schedule an in person show cause hearing whereby Ms. Brown be ordered to show cause, if any there be, why this Court should not impose sanctions in the form of Petitioner's attorney fees for the issues described herein. Respectfully submitted this 12th day of July, 2024.

Katrina Seipel, OSB #164793
Of Attorneys for Petitioner

I certify that this document was served on July 12, 2024, by electronic service through the CM/ECF filing system and by e-mail upon Kimberly S. Brown, at kbrown@pacificcascadefamilylaw.com

Katrina Seipel, OSB #164793
Of Attorneys for Petitioner
kas@buckley-law.com

**Wendy Goodyear**

---

| | |
|---|---|
| **From:** | Kimberly Brown <kbrown@pacificcascadefamilylaw.com> |
| **Sent:** | Saturday, July 6, 2024 3:30 PM |
| **To:** | Katrina Seipel |
| **Subject:** | Automatic reply: Hague case |

I am currently out of the office due to illness.  I am checking emails as I am able.  However, if this is an urgent matter please email or call my office and ask to speak to Lisa Parsons .  Lisa's email is lparsons@pacificcascadefamilylaw.com and her phone number is 503.227.0200.

**Kimberly S. Brown**
**Pacific Cascade Legal LLC**
*Preferred pronouns: she/her/hers*
9320 SW Barbur Blvd., Suite 160
Portland, Oregon 97219
503.227.0200
kbrown@pacificcascadefamilylaw.com

EXHIBIT 1
Page 1 of 1

1            IN THE UNITED STATES DISTRICT COURT

2              FOR THE DISTRICT OF OREGON

3                 PORTLAND DIVISION

4

5    In re the Application of:        )
                                      )
6    LILIANA JACQUELINE MONDRAGON     )
     MARTINEZ,                        )
7                                     )   No. 3:24-cv-00694-HZ
                     Petitioner,      )
8                                     )   July 1, 2024
             and                      )
9                                     )   Portland, Oregon
     OSCAR AURELIO VEGA CONTRERAS,    )
10                                    )
                     Respondent.      )
11   _____)

12

13

14              TRANSCRIPT OF PROCEEDINGS

15           (Telephonic Status Conference)

16

17     BEFORE THE HONORABLE MARCO A. HERNANDEZ

18       UNITED STATES DISTRICT COURT JUDGE

19

20

21

22

23   Court Reporter:        Ryan White, RMR, CRR
                            United States District Courthouse
24                          1000 SW 3rd Avenue, Room 301
                            Portland, Oregon 97204
25                          (503) 326-8184

EXHIBIT 2
Page 1 of 21

```
1                              APPEARANCES

2

3   For the Petitioner:        BUCKLEY LAW, PC
                               By:  KATRINA A. SEIPEL
4                              kas@buckley-law.com
                               5300 Meadows Road, Suite 200
5                              Lake Oswego, Oregon 97035
                               (503) 620-8900
6

7   For the Respondent:        KIMBERLY S. BROWN
                               Attorney at Law
8                              kbrown@pacificcascadefamilylaw.com
                               9320 SW Barbur Boulevard, Suite 160
9                              Portland, Oregon 97219
                               (503) 227-0200
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

EXHIBIT 2
Page 2 of 21

3

```
 1                    (July 1, 2024; 3:30 p.m.)

 2

 3                   P R O C E E D I N G S

 4

 5          THE COURT:  Good afternoon.  This is Judge Hernandez.

 6          We are here in the matter of Martinez and Contreras.

 7  It is case number 24-cv-00694.  This matter comes to the Court

 8  by way of a -- I'm going to call it a status conference.

 9          Let me find out who's on the call.  I will start with

10  my own staff.

11          Jennifer, can you hear?

12          THE CLERK:  Yes, Judge, I'm here, and Ryan is here as

13  well, but I only see one other party on.

14          THE COURT:  Oh, all right.

15          Is there anybody on the phone for plaintiff?

16          MS. SEIPEL:  Yes.  Good afternoon, Your Honor.

17  Katrina Seipel on behalf of plaintiff.

18          I will let Your Honor know that I received an email

19  from Ms. Kimberly Brown, counsel for respondent, probably an

20  hour or so ago telling me that she was in a hearing, she had

21  hoped to be done by 3:30, but the court was moving very slow,

22  and I responded and told her that I would let Your Honor know.

23          THE COURT:  Are you available at 4:00?

24          MS. SEIPEL:  I am, yes.

25          THE COURT:  So maybe we'll just carry this until 4:00.
```

EXHIBIT 2
Page 3 of 21

1          MS. SEIPEL:  That's fine with me.

2          THE COURT:  All right.  So why don't we do that.

3          Jennifer, can you communicate with Ms. Brown, 4:00?

4          THE CLERK:  Yes.  I'll send an email.

5          And you can just use the same call-in information,

6  Ms. Seipel.

7          MS. SEIPEL:  Okay.  Will do.  Thank you.

8          THE COURT:  Thank you.

9      (Recess taken from 3:31 to 4:00.)

10          THE COURT:  Good afternoon.  This is Judge Hernandez.

11          We're here in Martinez and Contreras.  It is case

12  number 24-cv-00694.  We're here for a status conference.

13          MS. BROWN:  Kimberly Brown.

14          THE COURT:  Let me take role and find out who's on the

15  call.

16          Jennifer, are you there?

17          THE CLERK:  Yes, Judge, I'm here, and Ryan is as well.

18          THE COURT:  And for plaintiff, who's on the call?

19          MS. SEIPEL:  Katrina Seipel, Your Honor.

20          And just apologies in advance.  I'm home with a baby

21  today, so I apologize that you might hear some crying in the

22  background.  I'll do my best to mute myself when I'm not

23  speaking.

24          THE COURT:  Okay.  Thank you.

25          And for defense, who's on the call?

EXHIBIT 2
Page 4 of 21

1    MS. BROWN:  This is Kimberly Brown for the respondent,

2    Your Honor.

3    THE COURT:  Thank you.

4    So I'm not quite sure exactly where we are as regards

5    the discovery that was going back and forth, or lack thereof.

6    So maybe the plaintiff can bring me up to date and tell me

7    what's up.

8    MS. SEIPEL:  Absolutely, Your Honor.

9    So I guess there are three kind of different separate

10    issues that we're continuing to deal with, the first being the

11    discovery production issues.

12    So first and foremost is that after our scheduling

13    conference, you ordered us to confer and exchange discovery

14    documents on June 18th, and we did not receive any documents

15    from respondent until June 24th, so a full week late.

16    Of that discovery that we did receive, we didn't

17    receive any school records of the child.  We didn't receive any

18    extracurricular records.  We didn't receive any dental records,

19    but we did receive a letter from a dentist saying that the

20    dentist saw the child and the chart notes are attached, but

21    notably, there was no chart notes provided to us in that

22    discovery.

23    So we have that issue.

24    Same with the medical records.  Respondent has put the

25    child's medical condition into play in this trial, and we have

EXHIBIT 2
Page 5 of 21

1  received, you know, some surgical records and a letter from a

2  physician, but we didn't receive any urgent care records where

3  this child was seen, or anything from Tuality Hospital where the

4  records we did receive note that the child was seen.

5      And so, I mean, the communications, we requested

6  communications between the respondent and third parties and we

7  have received nothing along those lines.

8      So, you know, these are documents that are highly

9  relevant.  It could very well have information that, quite

10 frankly, hurts respondent's case, and I'm still unclear as to

11 why we don't have these documents.

12     And so the discovery issue is it being untimely and

13 we've just received such limited discovery.  So that's kind of

14 issue number one.

15     Issue number two is regarding respondent's witness

16 disclosures.

17     And so this, following our scheduling conference, you

18 ordered us to exchange witness disclosures on June 24th, and we

19 did not receive respondent's witness disclosures until after

20 8:00 p.m. on the 27th.

21     Additionally, with their disclosures, they note that

22 they intend to call a Mexican police officer and a Mexican

23 investigative journalist, but neither of these witnesses have

24 names, neither of these witnesses have contact information, and

25 so I can't possibly analyze who these people are, analyze what

EXHIBIT 2
Page 6 of 21

1  might be their testimony, or prepare my case to rebut those

2  witnesses.

3          And then the last issue that we have has to do with

4  exhibits.

5          So today you have ordered us to submit a joint exhibit

6  list to the Court.  We were ordered to exchange exhibits prior

7  to today, and I believe that was on June 16th that we were

8  supposed to do that, and as of this call, I still don't have a

9  single document from respondent noting that they are going to

10  introduce at trial.

11          So maybe Ms. Brown doesn't intend to introduce any

12  documentary evidence, and if that's the case, then so be it, but

13  I have a tough time believing that.  And so if she does at this

14  point intend to introduce documentary evidence, my request is

15  that she be prohibited from doing so.  I have spent, I mean,

16  days prepping my case for trial, to comply with the deadlines

17  imposed by Your Honor, completing my trial memorandum,

18  completing proposed findings of fact and conclusions of law to

19  meet Your Honor's deadlines, and I've had to do so without the

20  benefit of having any documents that she would (indiscernible)

21  present at trial.

22          So those are sort of the three main issues.  If you

23  have specific (indiscernible) as to what exactly it is I'm

24  looking for, I'm happy to elaborate, but that's just kind of a

25  rundown as to what is going on.

EXHIBIT 2
Page 7 of 21

1          THE COURT:  Thank you.

2          Ms. Brown, what do you want to tell me?

3          MS. BROWN:  Your Honor, I -- I believe that, regarding

4    the -- the information in the memo that are supposed to be

5    received, that those are supposed to be received today by the

6    Court.  And so I'm not sure -- I don't really have any more

7    response to that other than we were supposed to get documents to

8    the Court -- the memo, findings and conclusions of law, and the

9    joint exhibit list -- all to the Court today, and then our

10   objections to those by the 5th, if my notes tell me correctly.

11         So that's kind of where I left that one.

12         I have submitted a witness list and I have given them

13   the information that I had at the time and still have at the

14   time.

15         I'm trying to get in contact with a couple of the

16   witnesses that my client has family members trying to get ahold

17   of and they just haven't.  So I'm giving notice that these are

18   some witnesses that I expect, but I can only give the

19   information that I have, and that's what I've done.

20         I have given exhibits to Counsel.  They were late.  I

21   was trying to get them translated, and so I delayed because I

22   didn't get the translations back.  And I then was told that they

23   hadn't asked for translations and I think (indiscernible) for

24   translations.  And so, they're right, they are late.  They were

25   late, I should say.

EXHIBIT 2
Page 8 of 21

1        But I have given what I have and what I've been able

2   to collect, and I am -- I am doing my best to work with -- with

3   the clients to get the documents to them and, at the same time,

4   keep Counsel informed so that they're not blind-sided by

5   something popping up all of a sudden at the very end.

6        But, I mean, I think that -- I can only give what I

7   have, and that's really all I have to say.

8        THE COURT:  So let's go back to the first complaint

9   that had to do with discovery, and it appears, at least from the

10  petitioner's perspective, that they're missing school records,

11  dental records, medical records, urgent care records, and

12  hospital records, as well as there was a reference to

13  communications.

14       What is going on with those documents?

15       MS. BROWN:  I finally issued a subpoena last week for

16  them because my client has not been able to get to the records

17  places because of his work schedule.  So I finally issued

18  subpoenas on those last week and that's where those are at

19  because my client was going to pick them up, because it would be

20  less expensive for him if he could get it, but he hasn't been

21  able to get off work.  That's what's going on there.

22       THE COURT:  And when are the -- you subpoenaed the

23  records.  When are they subpoenaed for?

24       MS. BROWN:  Well, I subpoenaed them to come in at the

25  end of this week because I just did that at the very end of last

EXHIBIT 2
Page 9 of 21

1    week, so I didn't think I could say by Monday, so I subpoenaed

2    them to come in by Friday.

3              THE COURT:  And based on the records you subpoenaed,

4    do you believe that the records you will get will be responsive

5    to the records that have been requested on the part of

6    the petitioner?

7              MS. BROWN:  Yes, sir.

8              THE COURT:  Complete -- completely responsive?

9              MS. BROWN:  Yes, sir.

10             THE COURT:  You expect to have those by Friday if they

11   honor your subpoena?

12             MS. BROWN:  Yes, sir.

13             THE COURT:  Have you communicated with them so

14   that -- and alerted those -- it sounds like it's a variety of

15   different people that you issued subpoenas to in order to get,

16   for example, school records, which would be different than

17   dental records, which would be different than hospital records.

18             MS. BROWN:  Yes, sir.

19             THE COURT:  So how many subpoenas did you issue?

20             MS. BROWN:  I issued one to the doctor who

21   performed -- the clinic that performed the ear surgery.  I

22   issued a subpoena to the hospital that saw the child with the

23   ear infection injury at the first time.  I issued subpoenas to

24   the school district and I issued a subpoena to the dental

25   office.

EXHIBIT 2
Page 10 of 21

```
 1                THE COURT:  So you expect all of those by Friday?

 2                MS. BROWN:  I am -- I have issued the subpoenas asking

 3       them to be here by Friday, sir.

 4                MS. SEIPEL:  Your Honor, if I may?

 5                THE COURT:  I'm sorry?

 6                MS. SEIPEL:  If I may, I just want to note that,

 7       pursuant to FRCP 45, if Ms. Brown did indeed issue subpoenas,

 8       she did not provide me with any notice that she was going to be

 9       issuing subpoenas or, I guess, the contents thereof of the

10       subpoenas.  So, again, this is noncompliance with a rule.

11                Of course, my main concern is that I want the

12       documents, but I just want to note that, for our record, that I

13       was not given any notice of any subpoena issued to any entity.

14                THE COURT:  Do you want me to quash the subpoenas?

15                MS. SEIPEL:  I'm sorry.  What was that?

16                THE COURT:  I said do you want me to quash the

17       subpoenas because she didn't give you notice?

18                MS. SEIPEL:  No, not at this point.

19                THE COURT:  Okay.  Then let's talk about something

20       else.

21                Ms. Brown, you said that you had given a list of

22       witnesses to the other side.  Did the witness list -- when did

23       you provide a witness list to the petitioner?

24                MS. BROWN:  I believe it was Wednesday or Thursday of

25       last week.
```

EXHIBIT 2
Page 11 of 21

1       THE COURT:  And included with the witness list was the

2  witness statements?

3       MS. BROWN:  What I -- what I put in was a brief

4  summary of what I anticipated that the witnesses would be

5  testifying to.

6       THE COURT:  Okay.  And then did you also include, in

7  this case because the discovery is kind of condensed,

8  information as to how those witnesses might be contacted?

9       MS. BROWN:  I produced -- for the witnesses that I had

10  addresses and phone numbers for, I produced those; the witnesses

11  I had the phone numbers for, I produced those; and then for the

12  two witnesses that I do not have names, address, or phone

13  numbers, I just put the label in and what I expect them to

14  testify to.

15       THE COURT:  And I assume that's the Mexican police

16  officer that was referenced, as well as the journalist; is that

17  correct?

18       MS. BROWN:  Yes, sir.  Yes, sir.

19       THE COURT:  How do you plan on those individuals

20  testifying?  Are they going to be here in person?

21       MS. BROWN:  No, sir.  I'm requesting that they be

22  allowed to testify by phone.  There's four witnesses on my

23  witness list that will need to be testifying by phone because

24  they all live in the -- in the same city where mom resides.

25       THE COURT:  And if they're going to be testifying by

EXHIBIT 2
Page 12 of 21

1    phone, how is that going to work?  Is your plan that they would

2    be calling the court using a number that is provided?

3              MS. BROWN:  Yes, sir.

4              THE COURT:  And how are you going to get the

5    information as to what number for them to call?

6              MS. BROWN:  Well, I was going to get the number from

7    the court on which number for them to call.

8              THE COURT:  How are you going to communicate with them

9    the number to call?

10             MS. BROWN:  When I have their email information,

11   that's what I'll do.

12             And if they need it, I was also going to provide a

13   calling card.  I'm not sure that's the right name for it, but a

14   way to pay for the calls.

15             THE COURT:  Yeah, I -- I understand what you're

16   talking about as regards giving them, essentially, some money so

17   they can make the phone calls.

18             MS. BROWN:  Yes, sir.

19             THE COURT:  And right now you don't have the email

20   address or any other way to communicate with them?

21             MS. BROWN:  I do not.  I'm depending on my client's

22   father and brother who apparently are not as stressed out about

23   this as I am.

24             THE COURT:  Oh, okay.

25             And then the other thing that we -- that the

EXHIBIT 2
Page 13 of 21

1  petitioner brought up was the exhibit list.  And that while it

2  sounds like you made a witness list, have you also made an

3  exhibit list?

4           MS. BROWN:  I provided the exhibits to Counsel last

5  week and I -- I was trying to put the exhibit list in today.  So

6  I have not -- no.  The answer is she has not received an exhibit

7  list from me.

8           THE COURT:  But she has received all exhibits that

9  you're planning on utilizing?

10          MS. BROWN:  All the exhibits I have at this point.

11  Yes, sir.

12          MS. SEIPEL:  And I may jump in here, Your Honor, if

13  that's all right.

14          Ms. Brown, I have received nothing from you by way of

15  exhibits, so I would hope you could forward me an email that you

16  sent me regarding exhibits.  It's been our position that what we

17  requested in discovery and exhibits are two separate things, and

18  I've received no communication whatsoever regarding exhibits

19  from you or your office.

20          THE COURT:  So really, Ms. Seipel, when you're with

21  and in front of the Court, your communications should be to the

22  Court, not to the other side.

23          MS. SEIPEL:  Understood, Your Honor.

24          THE COURT:  Thank you.

25          So you were saying that you haven't yet received any

EXHIBIT 2
Page 14 of 21

1    of the exhibits or the exhibit list, and I will direct counsel

2    for respondent to go ahead and resend those items to make sure

3    that you get them.

4          We're still -- I think we're still -- when are we

5    scheduled for our trial?  I don't have my calendar in front of

6    me.

7          MS. BROWN:  The 24th, 25th, and 26th, Your Honor, of

8    July.

9          THE COURT:  Okay.  And so from your perspective,

10   Ms. Seipel, do you feel like we can go ahead as long as you get

11   these things that Ms. Brown has told you that she's working on

12   and getting, that we can go ahead and move forward?

13         MS. SEIPEL:  Yes, Your Honor.  I don't desire to delay

14   our trial date at all.

15         I don't also desire to delay any of the deadlines that

16   you've given us regarding today, except maybe if you could give

17   us an additional 24 hours to submit a joint exhibit list solely

18   because I haven't had an opportunity to review Ms. Brown's

19   exhibits to determine whether or not I have any objections to

20   them, and I want to make sure that is clear when we submit that,

21   Your Honor.

22         THE COURT:  Ms. Brown, can you resubmit your exhibit

23   list and exhibits to the petitioner in this case?

24         MS. BROWN:  Yes, sir.

25         THE COURT:  When can you get that done?

EXHIBIT 2
Page 15 of 21

1          MS. BROWN:  I'm just coming back from the juvenile

2   court hearing I was in.  So an hour, hour and a half.

3          THE COURT:  That works for me.  Yeah.  One and a half

4   hours to get that done.

5          MS. BROWN:  Thank you.

6          THE COURT:  All right.  And then, by Friday, I want

7   the rest of the discovery that we were talking about.  Those

8   would be the school records, the medical records, the hospital

9   records, and dental records that were being discussed to be

10  disclosed to the petitioner.

11         Can you get that done on Friday?

12         MS. BROWN:  Will do, sir.

13         THE COURT:  Thank you.

14         And then as regards the witness disclosures, again, as

15  soon as you have the contact information for the police officer

16  and the journalist in Mexico, that information needs to be

17  disclosed to the other side.  I can't give you a date on that

18  because I don't know when it's going to happen.

19         MS. BROWN:  Right.

20         THE COURT:  And Ms. Seipel, if we get to the place

21  where you have that information and, from your perspective, it

22  comes too late for you to really be able to talk to those

23  individuals, I can give you an opportunity during the course of

24  the hearing to spend a little bit of time with them in order to

25  kind of interview them and find out what's going on prior to

EXHIBIT 2
Page 16 of 21

1    their testifying during the course of the hearing.  That might

2    ameliorate some of the lateness in getting information if it

3    comes to that.

4              MS. SEIPEL:  Understood.  Thank you, Your Honor.

5              THE COURT:  That means, Ms. Brown, that you might have

6    to spend a little bit more money because the phone call might

7    last a little bit longer than it otherwise would.

8              MS. BROWN:  Yes.  I understand.

9              THE COURT:  Okay.  Ms. Seipel, from your perspective,

10    is there anything else we need to talk about this afternoon?

11              MS. SEIPEL:  I just would like one more clarification,

12    Your Honor, regarding when you would like us to submit a joint

13    exhibit list and get hard copies of our exhibits to you.

14              Are you okay -- or do you grant my request for that we

15    move that to tomorrow?

16              THE COURT:  Tomorrow is fine.

17              MS. SEIPEL:  Okay.  Then that is all I have.

18              Thank you.

19              THE COURT:  Ms. Brown, do you have anything else?

20              MS. BROWN:  No, sir.

21              THE COURT:  Okay.  Thank you very much.  Good luck to

22    you.

23         (The proceedings concluded at 4:18 p.m.)

24

25

EXHIBIT 2
Page 17 of 21

1                    C E R T I F I C A T E

2

3          I certify, by signing below, that the foregoing is a

4   true and correct transcript, to the best of my ability, of the

5   telephonic oral argument heard via conference call, taken by

6   stenographic means.  Due to the telephonic connection, parties

7   appearing via speakerphone or cell phone, speakers overlapping

8   when speaking, speakers not identifying themselves before they

9   speak, fast speakers, the speaker's failure to enunciate, and/or

10  other technical difficulties that occur during telephonic

11  proceedings, this certification is limited by the

12  above-mentioned reasons and any technological difficulties of

13  such proceedings occurring over the speakerphone at the United

14  States District Court of Oregon in the above-entitled cause.  A

15  transcript without an original signature, conformed signature,

16  or digitally signed signature is not certified.

17

18          DATED this 10th day of July, 2024.

19

20

21                              // Ryan White
                                _____
22                              RYAN WHITE
                                Registered Merit Reporter
                                Certified Realtime Reporter
23                              Expires 9/30/2025

24

25

EXHIBIT 2
Page 18 of 21

1

## 1

**16th** [1] - 7:7
**18th** [1] - 5:14

## 2

**24** [1] - 15:17
**24-cv-00694** [1] - 4:12
**24th** [3] - 5:15, 6:18, 15:7
**25th** [1] - 15:7
**26th** [1] - 15:7
**27th** [1] - 6:20

## 3

**3:31** [1] - 4:9

## 4

**45** [1] - 11:7
**4:00** [2] - 4:3, 4:9
**4:18** [1] - 17:23

## 5

**5th** [1] - 8:10

## 8

**8:00** [1] - 6:20

## A

**able** [4] - 9:1, 9:16, 9:21, 16:22
**absolutely** [1] - 5:8
**additional** [1] - 15:17
**additionally** [1] - 6:21
**address** [2] - 12:12, 13:20
**addresses** [1] - 12:10
**advance** [1] - 4:20
**afternoon** [2] - 4:17, 17:10
**ahead** [3] - 15:2, 15:10, 15:12
**ahold** [1] - 8:16
**alerted** [1] - 10:14
**allowed** [1] - 12:22
**ameliorate** [1] - 17:2
**analyze** [2] - 6:25
**answer** [1] - 14:6
**anticipated** [1] - 12:4
**apologies** [1] - 4:20
**apologize** [1] - 4:21
**assume** [1] - 12:15
**attached** [1] - 5:20

## B

**baby** [1] - 4:20
**background** [1] - 4:22
**based** [1] - 10:3
**benefit** [1] - 7:20
**best** [2] - 4:22, 9:2
**between** [1] - 6:6
**bit** [3] - 16:24, 17:6, 17:7
**blind** [1] - 9:4
**blind-sided** [1] - 9:4
**brief** [1] - 12:3

**bring** [1] - 5:6
**brother** [1] - 13:22
**brought** [1] - 14:1
**Brown** [12] - 4:3, 4:13, 5:1, 7:11, 8:2, 11:7, 11:21, 14:14, 15:11, 15:22, 17:5, 17:19
**BROWN** [31] - 4:13, 5:1, 8:3, 9:15, 9:24, 10:7, 10:9, 10:12, 10:18, 10:20, 11:2, 11:24, 12:3, 12:9, 12:18, 12:21, 13:3, 13:6, 13:10, 13:18, 13:21, 14:4, 14:10, 15:7, 15:24, 16:1, 16:5, 16:12, 16:19, 17:8, 17:20
**Brown's** [1] - 15:18

## C

**calendar** [1] - 15:5
**call-in** [1] - 4:5
**card** [1] - 13:13
**care** [2] - 6:2, 9:11
**case** [7] - 4:11, 6:10, 7:1, 7:12, 7:16, 12:7, 15:23
**chart** [2] - 5:20, 5:21
**child** [5] - 5:17, 5:20, 6:3, 6:4, 10:22
**child's** [1] - 5:25
**city** [1] - 12:24
**clarification** [1] - 17:11
**clear** [1] - 15:20
**CLERK** [2] - 4:4, 4:17
**client** [3] - 8:16, 9:16, 9:19
**client's** [1] - 13:21
**clients** [1] - 9:3
**clinic** [1] - 10:21
**collect** [1] - 9:2
**coming** [1] - 16:1
**communicate** [3] - 4:3, 13:8, 13:20
**communicated** [1] - 10:13
**communication** [1] - 14:18
**communications** [4] - 6:5, 6:6, 9:13, 14:21
**complaint** [1] - 9:8
**complete** [1] - 10:8
**completely** [1] - 10:8
**completing** [2] - 7:17, 7:18
**comply** [1] - 7:16
**concern** [1] - 11:11
**concluded** [1] - 17:23
**conclusions** [2] - 7:18, 8:8
**condensed** [1] - 12:7
**condition** [1] - 5:25
**confer** [1] - 5:13
**conference** [4] - 4:12, 5:13, 6:17
**contact** [3] - 6:24, 8:15, 16:15
**contacted** [1] - 12:8
**contents** [1] - 11:9
**continuing** [1] - 5:10
**Contreras** [1] - 4:11
**copies** [1] - 17:13
**correct** [1] - 12:17
**correctly** [1] - 8:10
**counsel** [1] - 15:1
**Counsel** [3] - 8:20, 9:4, 14:4
**couple** [1] - 8:15

**course** [3] - 11:11, 16:23, 17:1
**Court** [6] - 7:6, 8:6, 8:8, 8:9, 14:21, 14:22
**court** [3] - 13:2, 13:7, 16:2
**COURT** [45] - 4:2, 4:8, 4:10, 4:14, 4:18, 4:24, 5:3, 8:1, 9:8, 9:22, 10:3, 10:8, 10:10, 10:13, 10:19, 11:1, 11:5, 11:14, 11:16, 11:19, 12:1, 12:6, 12:15, 12:19, 12:25, 13:4, 13:8, 13:15, 13:19, 13:24, 14:8, 14:20, 14:24, 15:9, 15:22, 15:25, 16:3, 16:6, 16:13, 16:20, 17:5, 17:9, 17:16, 17:19, 17:21
**crying** [1] - 4:21

## D

**date** [3] - 5:6, 15:14, 16:17
**days** [1] - 7:16
**deadlines** [3] - 7:16, 7:19, 15:15
**deal** [1] - 5:10
**defense** [1] - 4:25
**delay** [2] - 13:13, 15:15
**delayed** [1] - 8:21
**dental** [5] - 5:18, 9:11, 10:17, 10:24, 16:9
**dentist** [2] - 5:19, 5:20
**desire** [2] - 15:13, 15:15
**determine** [1] - 15:19
**different** [5] - 5:9, 10:15, 10:16, 10:17
**direct** [1] - 15:1
**disclosed** [2] - 16:10, 16:17
**disclosures** [5] - 6:16, 6:18, 6:19, 6:21, 16:14
**discovery** [11] - 5:5, 5:11, 5:13, 5:16, 5:22, 6:12, 6:13, 9:9, 12:7, 14:17, 16:7
**discussed** [1] - 16:9
**district** [1] - 10:24
**doctor** [1] - 10:20
**document** [1] - 7:9
**documentary** [2] - 7:12, 7:14
**documents** [9] - 5:14, 6:8, 6:11, 7:20, 8:7, 9:3, 9:14, 11:12
**done** [4] - 8:19, 15:25, 16:4, 16:11
**during** [2] - 16:23, 17:1

## E

**ear** [2] - 10:21, 10:23
**elaborate** [1] - 7:24
**email** [4] - 4:4, 13:10, 13:19, 14:15
**end** [3] - 9:5, 9:25
**entity** [1] - 11:13
**essentially** [1] - 13:16
**evidence** [2] - 7:12, 7:14
**exactly** [2] - 5:4, 7:23
**example** [1] - 10:16
**except** [1] - 15:16
**exchange** [3] - 5:13, 6:18, 7:6
**exhibit** [10] - 7:5, 8:9, 14:1, 14:3, 14:5, 14:6, 15:1, 15:17, 15:22, 17:13
**exhibits** [7] - 7:4, 7:6, 8:20, 14:4, 14:8, 14:10, 14:15, 14:16, 14:17, 14:18, 15:1, 15:19, 15:23, 17:13
**expect** [4] - 8:18, 10:10, 11:1, 12:13

EXHIBIT 2
Page 19 of 21

**expensive** [1] - 9:20
**extracurricular** [1] - 5:18

## F

**fact** [1] - 7:18
**family** [1] - 8:16
**father** [1] - 13:22
**finally** [2] - 9:15, 9:17
**findings** [2] - 7:18, 8:8
**fine** [2] - 4:1, 17:16
**first** [4] - 5:10, 5:12, 9:8, 10:23
**following** [1] - 6:17
**foremost** [1] - 5:12
**forth** [1] - 5:5
**forward** [2] - 14:15, 15:12
**four** [1] - 12:22
**frankly** [1] - 6:10
**FRCP** [1] - 11:7
**Friday** [6] - 10:2, 10:10, 11:1, 11:3, 16:6, 16:11
**front** [2] - 14:21, 15:5
**full** [1] - 5:15

## G

**given** [6] - 8:12, 8:20, 9:1, 11:13, 11:21, 15:16
**grant** [1] - 17:14
**guess** [2] - 5:9, 11:9

## H

**half** [2] - 16:2, 16:3
**happy** [1] - 7:24
**hard** [1] - 17:13
**hear** [1] - 4:21
**hearing** [3] - 16:2, 16:24, 17:1
**Hernandez** [1] - 4:10
**highly** [1] - 6:8
**home** [1] - 4:20
**honor** [1] - 10:11
**Honor** [13] - 4:19, 5:2, 5:8, 7:17, 8:3, 11:4, 14:12, 14:23, 15:7, 15:13, 15:21, 17:4, 17:12
**Honor's** [1] - 7:19
**hope** [1] - 14:15
**hospital** [4] - 9:12, 10:17, 10:22, 16:8
**Hospital** [1] - 6:3
**hour** [2] - 16:2
**hours** [2] - 15:17, 16:4
**hurts** [1] - 6:10

## I

**imposed** [1] - 7:17
**include** [1] - 12:6
**included** [1] - 12:1
**indeed** [1] - 11:7
**indiscernible** [3] - 7:20, 7:23, 8:23
**individuals** [2] - 12:19, 16:23
**infection** [1] - 10:23
**information** [13] - 4:5, 6:9, 6:24, 8:4, 8:13, 8:19, 12:8, 13:5, 13:10, 16:15, 16:16, 16:21, 17:2

**informed** [1] - 9:4
**injury** [1] - 10:23
**intend** [3] - 6:22, 7:11, 7:14
**interview** [1] - 16:25
**introduce** [3] - 7:10, 7:11, 7:14
**investigative** [1] - 6:23
**issue** [7] - 5:23, 6:12, 6:14, 6:15, 7:3, 10:19, 11:7
**issued** [9] - 9:15, 9:17, 10:15, 10:20, 10:22, 10:23, 10:24, 11:2, 11:13
**issues** [3] - 5:10, 5:11, 7:22
**issuing** [1] - 11:9
**items** [1] - 15:2

## J

**Jennifer** [2] - 4:3, 4:16
**joint** [4] - 7:5, 8:9, 15:17, 17:12
**journalist** [3] - 6:23, 12:16, 16:16
**Judge** [2] - 4:10, 4:17
**July** [1] - 15:8
**jump** [1] - 14:12
**June** [4] - 5:14, 5:15, 6:18, 7:7
**juvenile** [1] - 16:1

## K

**Katrina** [1] - 4:19
**keep** [1] - 9:4
**Kimberly** [2] - 4:13, 5:1
**kind** [6] - 5:9, 6:13, 7:24, 8:11, 12:7, 16:25

## L

**label** [1] - 12:13
**lack** [1] - 5:5
**last** [7] - 7:3, 9:15, 9:18, 9:25, 11:25, 14:4, 17:7
**late** [5] - 5:15, 8:20, 8:24, 8:25, 16:22
**lateness** [1] - 17:2
**law** [2] - 7:18, 8:8
**least** [1] - 9:9
**left** [1] - 8:11
**less** [1] - 9:20
**letter** [2] - 5:19, 6:1
**limited** [1] - 6:13
**lines** [1] - 6:7
**list** [17] - 7:6, 8:9, 8:12, 11:21, 11:22, 11:23, 12:1, 12:23, 14:1, 14:2, 14:3, 14:5, 14:7, 15:1, 15:17, 15:23, 17:13
**live** [1] - 12:24
**looking** [1] - 7:24
**luck** [1] - 17:21

## M

**main** [2] - 7:22, 11:11
**Martinez** [1] - 4:11
**mean** [3] - 6:5, 7:15, 9:6
**means** [1] - 17:5
**medical** [4] - 5:24, 5:25, 9:11, 16:8
**meet** [1] - 7:19
**members** [1] - 8:16
**memo** [2] - 8:4, 8:8

**memorandum** [1] - 7:17
**Mexican** [3] - 6:22, 12:15
**Mexico** [1] - 16:16
**might** [6] - 4:21, 7:1, 12:8, 17:1, 17:5, 17:6
**missing** [1] - 9:10
**mom** [1] - 12:24
**Monday** [1] - 10:1
**money** [2] - 13:16, 17:6
**move** [2] - 15:12, 17:15
**MS** [45] - 4:1, 4:7, 4:13, 4:19, 5:1, 5:8, 8:3, 9:15, 9:24, 10:7, 10:9, 10:12, 10:18, 10:20, 11:2, 11:4, 11:6, 11:15, 11:18, 11:24, 12:3, 12:9, 12:18, 12:21, 13:3, 13:6, 13:10, 13:18, 13:21, 14:4, 14:10, 14:12, 14:23, 15:7, 15:13, 15:24, 16:1, 16:5, 16:12, 16:19, 17:4, 17:8, 17:11, 17:17, 17:20
**mute** [1] - 4:22

## N

**name** [1] - 13:13
**names** [2] - 6:24, 12:12
**need** [3] - 12:23, 13:12, 17:10
**needs** [1] - 16:16
**noncompliance** [1] - 11:10
**notably** [1] - 5:21
**note** [4] - 6:4, 6:21, 11:6, 11:12
**notes** [3] - 5:20, 5:21, 8:10
**nothing** [2] - 6:7, 14:14
**notice** [4] - 8:17, 11:8, 11:13, 11:17
**noting** [1] - 7:9
**number** [8] - 4:12, 6:14, 6:15, 13:2, 13:5, 13:6, 13:7, 13:9
**numbers** [3] - 12:10, 12:11, 12:13

## O

**objections** [2] - 8:10, 15:19
**office** [2] - 10:25, 14:19
**officer** [3] - 6:22, 12:16, 16:15
**one** [5] - 6:14, 8:11, 10:20, 16:3, 17:11
**opportunity** [2] - 15:18, 16:23
**order** [2] - 10:15, 16:24
**ordered** [4] - 5:13, 6:18, 7:5, 7:6
**otherwise** [1] - 17:7

## P

**p.m** [2] - 6:20, 17:23
**part** [1] - 10:5
**parties** [1] - 6:6
**pay** [1] - 13:14
**people** [2] - 6:25, 10:15
**performed** [2] - 10:21
**person** [1] - 12:20
**perspective** [4] - 9:10, 15:9, 16:21, 17:9
**petitioner** [5] - 10:6, 11:23, 14:1, 15:23, 16:10
**petitioner's** [1] - 9:10
**phone** [8] - 12:10, 12:11, 12:12, 12:22, 12:23, 13:1, 13:17, 17:6
**physician** [1] - 6:2

EXHIBIT 2
Page 20 of 21

3

**pick** [1] - 9:19
**place** [1] - 16:20
**places** [1] - 9:17
**plaintiff** [2] - 4:18, 5:6
**plan** [2] - 12:19, 13:1
**planning** [1] - 14:9
**play** [1] - 5:25
**point** [3] - 7:14, 11:18, 14:10
**police** [3] - 6:22, 12:15, 16:15
**popping** [1] - 9:5
**position** [1] - 14:16
**possibly** [1] - 6:25
**prepare** [1] - 7:1
**prepping** [1] - 7:16
**present** [1] - 7:21
**proceedings** [1] - 17:23
**produced** [3] - 12:9, 12:10, 12:11
**production** [1] - 5:11
**prohibited** [1] - 7:15
**proposed** [1] - 7:18
**provide** [3] - 11:8, 11:23, 13:12
**provided** [3] - 5:21, 13:2, 14:4
**pursuant** [1] - 11:7
**put** [4] - 5:24, 12:3, 12:13, 14:5

## Q

**quash** [2] - 11:14, 11:16
**quite** [2] - 5:4, 6:9

## R

**really** [4] - 8:6, 9:7, 14:20, 16:22
**rebut** [1] - 7:1
**receive** [9] - 5:14, 5:16, 5:17, 5:18, 5:19, 6:2, 6:4, 6:19
**received** [10] - 6:1, 6:7, 6:13, 8:5, 14:6, 14:8, 14:14, 14:18, 14:25
**Recess** [1] - 4:9
**record** [1] - 11:12
**records** [24] - 5:17, 5:18, 5:24, 6:1, 6:2, 6:4, 9:10, 9:11, 9:12, 9:16, 9:23, 10:3, 10:4, 10:5, 10:16, 10:17, 16:8, 16:9
**reference** [1] - 9:12
**referenced** [1] - 12:16
**regarding** [6] - 6:15, 8:3, 14:16, 14:18, 15:16, 17:12
**regards** [3] - 5:4, 13:16, 16:14
**relevant** [1] - 6:9
**request** [2] - 7:14, 17:14
**requested** [3] - 6:5, 10:5, 14:17
**requesting** [1] - 12:21
**resend** [1] - 15:2
**resides** [1] - 12:24
**respondent** [6] - 5:1, 5:15, 5:24, 6:6, 7:9, 15:2
**respondent's** [3] - 6:10, 6:15, 6:19
**response** [1] - 8:7
**responsive** [2] - 10:4, 10:8
**rest** [1] - 16:7
**resubmit** [1] - 15:22
**review** [1] - 15:18
**role** [1] - 4:14
**rule** [1] - 11:10

**rundown** [1] - 7:25
**Ryan** [1] - 4:17

## S

**saw** [2] - 5:20, 10:22
**schedule** [1] - 9:17
**scheduled** [1] - 15:5
**scheduling** [2] - 5:12, 6:17
**school** [5] - 5:17, 9:10, 10:16, 10:24, 16:8
**SEIPEL** [14] - 4:1, 4:7, 4:19, 5:8, 11:4, 11:6, 11:15, 11:18, 14:12, 14:23, 15:13, 17:4, 17:11, 17:17
**Seipel** [6] - 4:6, 4:19, 14:20, 15:10, 16:20, 17:9
**send** [1] - 4:4
**sent** [1] - 14:16
**separate** [2] - 5:9, 14:17
**side** [3] - 11:22, 14:22, 16:17
**sided** [1] - 9:4
**single** [1] - 7:9
**solely** [1] - 15:17
**soon** [1] - 16:15
**sorry** [2] - 11:5, 11:15
**sort** [1] - 7:22
**sounds** [2] - 10:14, 14:2
**speaking** [1] - 4:23
**specific** [1] - 7:23
**spend** [2] - 16:24, 17:6
**spent** [1] - 7:15
**statements** [1] - 12:2
**status** [1] - 4:12
**still** [5] - 6:10, 7:8, 8:13, 15:4
**stressed** [1] - 13:22
**submit** [4] - 7:5, 15:17, 15:20, 17:12
**submitted** [1] - 8:12
**subpoena** [5] - 9:15, 10:11, 10:22, 10:24, 11:13
**subpoenaed** [5] - 9:22, 9:23, 9:24, 10:1, 10:3
**subpoenas** [10] - 9:18, 10:15, 10:19, 10:23, 11:2, 11:7, 11:9, 11:10, 11:14, 11:17
**sudden** [1] - 9:5
**summary** [1] - 12:4
**supposed** [4] - 7:8, 8:4, 8:5, 8:7
**surgery** [1] - 10:21
**surgical** [1] - 6:1

## T

**testify** [2] - 12:14, 12:22
**testifying** [5] - 12:5, 12:20, 12:23, 12:25, 17:1
**testimony** [1] - 7:1
**THE** [47] - 4:2, 4:4, 4:8, 4:10, 4:14, 4:17, 4:18, 4:24, 5:3, 8:1, 9:8, 9:22, 10:3, 10:8, 10:10, 10:13, 10:19, 11:1, 11:5, 11:14, 11:16, 11:19, 12:1, 12:6, 12:15, 12:19, 12:25, 13:4, 13:8, 13:15, 13:19, 13:24, 14:8, 14:20, 14:24, 15:9, 15:22, 15:25, 16:3, 16:6, 16:13, 16:20, 17:5, 17:9, 17:16, 17:19, 17:21

**thereof** [2] - 5:5, 11:9
**third** [1] - 6:6
**three** [2] - 5:9, 7:22
**Thursday** [1] - 11:24
**today** [7] - 4:21, 7:5, 7:7, 8:5, 8:9, 14:5, 15:16
**tomorrow** [2] - 17:15, 17:16
**tough** [1] - 7:13
**translated** [1] - 8:21
**translations** [3] - 8:22, 8:23, 8:24
**trial** [7] - 5:25, 7:10, 7:16, 7:17, 7:21, 15:5, 15:14
**trying** [4] - 8:15, 8:16, 8:21, 14:5
**Tuality** [1] - 6:3
**two** [3] - 6:15, 12:12, 14:17

## U

**unclear** [1] - 6:10
**understood** [2] - 14:23, 17:4
**untimely** [1] - 6:12
**up** [5] - 5:6, 5:7, 9:5, 9:19, 14:1
**urgent** [2] - 6:2, 9:11
**utilizing** [1] - 14:9

## V

**variety** [1] - 10:14

## W

**Wednesday** [1] - 11:24
**week** [7] - 5:15, 9:15, 9:18, 9:25, 10:1, 11:25, 14:5
**whatsoever** [1] - 14:18
**witness** [11] - 6:15, 6:18, 6:19, 8:12, 11:22, 11:23, 12:1, 12:2, 12:23, 14:2, 16:14
**witnesses** [12] - 6:23, 6:24, 7:2, 8:16, 8:18, 11:22, 12:4, 12:8, 12:9, 12:10, 12:12, 12:22
**works** [1] - 16:3

EXHIBIT 2
Page 21 of 21

**Wendy Goodyear**

---

**From:** Katrina Seipel
**Sent:** Tuesday, July 2, 2024 12:26 PM
**To:** Kimberly Brown
**Cc:** Kailey Maginnis; Katelyn Skinner; Wendy Goodyear; Katrina Seipel
**Subject:** Subpoenas

Hi again, Kimberly—

Will you please provide me with copies of all the subpoenas you sent out? Thanks.

Thank you,

**Katrina Seipel**
Attorney at Law, Associate



*t* 503.620.8900 | *f* 503.620.4878
5300 Meadows Road, Suite 200 | Lake Oswego, OR  97035
KAS@buckley-law.com
www.buckley-law.com

  

Buckley Law emphasizes Business, Employment, Estate Planning, Family, Litigation & Real Estate Law

This e-mail message, including any attachments, may contain attorney privileged and/or confidential information. The review, disclosure, distribution, or copying of this message by or to anyone other than the named addressee(s) is strictly prohibited. If you have received this message in error, please immediately notify me by reply e-mail and destroy the original and all copies of the message.

EXHIBIT 3
Page 1 of 1

**Wendy Goodyear**

| | |
|---|---|
| **From:** | Katrina Seipel |
| **Sent:** | Wednesday, July 3, 2024 11:57 AM |
| **To:** | Kimberly Brown |
| **Cc:** | Kailey Maginnis; Katelyn Skinner; Wendy Goodyear; Katrina Seipel |
| **Subject:** | Hague case |

Hi Kimberly—

As a reminder, I am waiting for responses on the following:

1. Please send me copies of the subpoenas you sent out in this matter.
2. Who translated your exhibits?

Also, I understand from your trial memo that you are no longer asserting the well-settled and Article 20 defenses. Will you please confirm? It would be a shame for me to prepare our case for trial on these defenses and then have your client be held responsible for my fees in this regard if you're indeed no longer asserting them.

Thank you,

**Katrina Seipel**
Attorney at Law, Associate



*t* 503.620.8900 | *f* 503.620.4878
5300 Meadows Road, Suite 200 | Lake Oswego, OR  97035
KAS@buckley-law.com
www.buckley-law.com

 

Buckley Law emphasizes Business, Employment, Estate Planning, Family, Litigation & Real Estate Law

This e-mail message, including any attachments, may contain attorney privileged and/or confidential information. The review, disclosure, distribution, or copying of this message by or to anyone other than the named addressee(s) is strictly prohibited. If you have received this message in error, please immediately notify me by reply e-mail and destroy the original and all copies of the message.

EXHIBIT 4
Page 1 of 1

**Wendy Goodyear**

| | |
|---|---|
| **From:** | Katrina Seipel |
| **Sent:** | Saturday, July 6, 2024 3:30 PM |
| **To:** | Kimberly Brown |
| **Cc:** | Kailey Maginnis; Katelyn Skinner; Wendy Goodyear; Katrina Seipel |
| **Subject:** | RE: Hague case |

Kimberly—

You stated you would send the subpoenas on Friday. I did not receive copies of them. Please send them to me, and please advise re: my below questions.

Thank you,

**Katrina Seipel**
Attorney at Law, Associate



_t_ 503.620.8900 | _f_ 503.620.4878
5300 Meadows Road, Suite 200 | Lake Oswego, OR  97035
KAS@buckley-law.com
www.buckley-law.com

 

Buckley Law emphasizes Business, Employment, Estate Planning, Family, Litigation & Real Estate Law

This e-mail message, including any attachments, may contain attorney privileged and/or confidential information. The review, disclosure, distribution, or copying of this message by or to anyone other than the named addressee(s) is strictly prohibited. If you have received this message in error, please immediately notify me by reply e-mail and destroy the original and all copies of the message.

**From:** Katrina Seipel <KAS@buckley-law.com>
**Sent:** Wednesday, July 3, 2024 11:57 AM
**To:** Kimberly Brown <kbrown@pacificcascadefamilylaw.com>
**Cc:** Kailey Maginnis <kmaginnis@pacificcascadefamilylaw.com>; Katelyn Skinner <kds@buckley-law.com>; Wendy Goodyear <wag@buckley-law.com>; Katrina Seipel <KAS@buckley-law.com>
**Subject:** Hague case

Hi Kimberly—

As a reminder, I am waiting for responses on the following:

1. Please send me copies of the subpoenas you sent out in this matter.
2. Who translated your exhibits?

EXHIBIT 5
Page 1 of 2

Also, I understand from your trial memo that you are no longer asserting the well-settled and Article 20 defenses. Will you please confirm? It would be a shame for me to prepare our case for trial on these defenses and then have your client be held responsible for my fees in this regard if you're indeed no longer asserting them.

Thank you,

**Katrina Seipel**
Attorney at Law, Associate

 BUCKLEY LAW P.C.

*t* 503.620.8900 | *f* 503.620.4878
5300 Meadows Road, Suite 200 | Lake Oswego, OR 97035
KAS@buckley-law.com
www.buckley-law.com

 

Buckley Law emphasizes Business, Employment, Estate Planning, Family, Litigation & Real Estate Law

This e-mail message, including any attachments, may contain attorney privileged and/or confidential information. The review, disclosure, distribution, or copying of this message by or to anyone other than the named addressee(s) is strictly prohibited. If you have received this message in error, please immediately notify me by reply e-mail and destroy the original and all copies of the message.

EXHIBIT 5
Page 2 of 2

**Wendy Goodyear**

---

| | |
|---|---|
| **From:** | Kimberly Brown <kbrown@pacificcascadefamilylaw.com> |
| **Sent:** | Friday, July 5, 2024 9:55 AM |
| **To:** | Katrina Seipel |
| **Cc:** | Katelyn Skinner; Wendy Goodyear; Lucas Dudley; Rachel Perez; Kailey Maginnis; Katrina Seipel |
| **Subject:** | Re: Due today at noon |

4-7 will testify remotely and need interpreters.  I will be at my computer after 2 today and will get you the subpoenas after that.

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

---

**From:** Katrina Seipel <KAS@buckley-law.com>
**Sent:** Friday, July 5, 2024 9:48:39 AM
**To:** Kimberly Brown <kbrown@pacificcascadefamilylaw.com>
**Cc:** Katelyn Skinner <kds@buckley-law.com>; Wendy Goodyear <wag@buckley-law.com>; Lucas Dudley <LWD@buckley-law.com>; Rachel Perez <RMP@buckley-law.com>; Kailey Maginnis <kmaginnis@pacificcascadefamilylaw.com>; Katrina Seipel <KAS@buckley-law.com>
**Subject:** RE: Due today at noon

Forgot the attached. Sorry!

Thank you,

**Katrina Seipel**
Attorney at Law, Associate



*t* 503.620.8900 | *f* 503.620.4878
5300 Meadows Road, Suite 200 | Lake Oswego, OR  97035
KAS@buckley-law.com
www.buckley-law.com

 

Buckley Law emphasizes Business, Employment, Estate Planning, Family, Litigation & Real Estate Law

This e-mail message, including any attachments, may contain attorney privileged and/or confidential information. The review, disclosure, distribution, or copying of this message by or to anyone other than the named addressee(s) is strictly prohibited. If you have received this message in error, please immediately notify me by reply e-mail and destroy the original and all copies of the message.

---

**From:** Katrina Seipel <KAS@buckley-law.com>
**Sent:** Friday, July 5, 2024 9:46 AM

EXHIBIT 6
Page 1 of 2

**To:** Kimberly Brown <kbrown@pacificcascadefamilylaw.com>
**Cc:** Katelyn Skinner <kds@buckley-law.com>; Wendy Goodyear <wag@buckley-law.com>; Katrina Seipel <KAS@buckley-law.com>; Lucas Dudley <LWD@buckley-law.com>; Rachel Perez <RMP@buckley-law.com>; Kailey Maginnis <kmaginnis@pacificcascadefamilylaw.com>
**Subject:** Due today at noon

Kimberly—

This has to be filed no later than noon today. Please let me know the following information regarding your witnesses, by 11am:

1. Whether they will testify in person or remotely
2. Whether they require an interpreter
3. The estimated date/time for their testimoy

Thank you,

**Katrina Seipel**
Attorney at Law, Associate



*t* 503.620.8900 | *f* 503.620.4878
5300 Meadows Road, Suite 200 | Lake Oswego, OR  97035
KAS@buckley-law.com
www.buckley-law.com

 

Buckley Law emphasizes Business, Employment, Estate Planning, Family, Litigation & Real Estate Law

This e-mail message, including any attachments, may contain attorney privileged and/or confidential information. The review, disclosure, distribution, or copying of this message by or to anyone other than the named addressee(s) is strictly prohibited. If you have received this message in error, please immediately notify me by reply e-mail and destroy the original and all copies of the message.

EXHIBIT 6
Page 2 of 2

**Wendy Goodyear**

| | |
|---|---|
| **From:** | Lisa Parsons <lparsons@pacificcascadefamilylaw.com> |
| **Sent:** | Tuesday, July 9, 2024 10:59 AM |
| **To:** | Katrina Seipel; Kimberly Brown |
| **Cc:** | Kailey Maginnis; Katelyn Skinner; Wendy Goodyear; Lesley Sepetoski |
| **Subject:** | RE: 06267-PDX-Vega: Hague case |

Ms. Seipel —

For clarification, the Subpoenas have not yet been sent.  We will make sure to get you copies as soon as possible, though I anticipate that happening tomorrow at the earliest.

The Spanish speaker from our office is:

        Claudia Preciado
        Pacific Cascade Legal
        (503) 227-0200

Please let me know if you require anything further at this time in Ms. Brown's stead.

Warm regards,
Lisa



**Lisa Parsons**

Lead Paralegal

📞 (503) 227-0200

pacificcascadelegal.com

pacificcascadefamilylaw.com

🏢 9320 SW Barbur Blvd, Suite 160
Portland Oregon 97219



    

📍 Oregon: Portland, Beaverton, Lake Oswego, Oregon City, Tualatin, Salem, Eugene, Bend
Washington: Vancouver, Tacoma

NOT LEGAL ADVICE: I am not an attorney and I am not permitted to give legal advice.

Nothing in this communication is intended to provide legal advice and you should not interpret the contents as such.

PRIVILEGE/CONFIDENTIALITY NOTICE: This email may contain information that is privileged or confidential. Any transmission of this email to you by mistake is not intended to waive any privilege or confidentiality rights. If you have mistakenly received this email, please notify us immediately by replying to this message or telephoning us so we can arrange for its return or disposal. Do not review, disclose, copy, or distribute it. Thank you.

**From:** Katrina Seipel <KAS@buckley-law.com>
**Sent:** Tuesday, July 9, 2024 10:54 AM
**To:** Lisa Parsons <lparsons@pacificcascadefamilylaw.com>; Kimberly Brown <kbrown@pacificcascadefamilylaw.com>
**Cc:** Kailey Maginnis <kmaginnis@pacificcascadefamilylaw.com>; Katelyn Skinner <kds@buckley-law.com>; Wendy Goodyear <wag@buckley-law.com>; Lesley Sepetoski <lsepetoski@pacificcascadefamilylaw.com>; Katrina Seipel <KAS@buckley-law.com>
**Subject:** RE: 06267-PDX-Vega: Hague case

EXHIBIT 7
Page 1 of 4

Hi Lisa—

Please tell me who exactly the subpoenas were sent to, and please give me the native Spanish speaker's name and contact information.

Thank you,

**Katrina Seipel**
Attorney at Law, Associate



*t* 503.620.8900 | *f* 503.620.4878
5300 Meadows Road, Suite 200 | Lake Oswego, OR  97035
KAS@buckley-law.com
www.buckley-law.com

 

Buckley Law emphasizes Business, Employment, Estate Planning, Family, Litigation & Real Estate Law

This e-mail message, including any attachments, may contain attorney privileged and/or confidential information. The review, disclosure, distribution, or copying of this message by or to anyone other than the named addressee(s) is strictly prohibited. If you have received this message in error, please immediately notify me by reply e-mail and destroy the original and all copies of the message.

**From:** Lisa Parsons <lparsons@pacificcascadefamilylaw.com>
**Sent:** Tuesday, July 9, 2024 10:40 AM
**To:** Katrina Seipel <KAS@buckley-law.com>; Kimberly Brown <kbrown@pacificcascadefamilylaw.com>
**Cc:** Kailey Maginnis <kmaginnis@pacificcascadefamilylaw.com>; Katelyn Skinner <kds@buckley-law.com>; Wendy Goodyear <wag@buckley-law.com>; Lesley Sepetoski <lsepetoski@pacificcascadefamilylaw.com>
**Subject:** 06267-PDX-Vega: Hague case

Good morning,

I was able to connect with Ms. Brown and wanted to confirm on her behalf that the Subpoenas will be forthcoming.

Regarding transcriptions, it was done by a native Spanish speaker from our office and our client, who is bilingual, will be translating on the stand as to their content.

Ms. Brown is not confirming that she is not asserting the Article 20 defenses.

Warm regards,
Lisa

EXHIBIT 7
Page 2 of 4



**Lisa Parsons**

Lead Paralegal

📞 (503) 227-0200

✉ pacificcascadelegal.com

pacificcascadefamilylaw.com

📍 9320 SW Barbur Blvd, Suite 160
Portland Oregon 97219



   

📍 **Oregon:** Portland, Beaverton, Lake Oswego, Oregon City, Tualatin, Salem, Eugene, Bend
**Washington:** Vancouver, Tacoma

NOT LEGAL ADVICE: I am not an attorney and I am not permitted to give legal advice.

Nothing in this communication is intended to provide legal advice and you should not interpret the contents as such.

PRIVILEGE/CONFIDENTIALITY NOTICE: This email may contain information that is privileged or confidential. Any transmission of this email to you by mistake is not intended to waive any privilege or confidentiality rights. If you have mistakenly received this email, please notify us immediately by replying to this message or telephoning us so we can arrange for its return or disposal. Do not review, disclose, copy, or distribute it. Thank you.

---

**From:** Katrina Seipel <KAS@buckley-law.com>
**Sent:** Saturday, July 6, 2024 3:30 PM
**To:** Kimberly Brown <kbrown@pacificcascadefamilylaw.com>
**Cc:** Kailey Maginnis <kmaginnis@pacificcascadefamilylaw.com>; Katelyn Skinner <kds@buckley-law.com>; Wendy Goodyear <wag@buckley-law.com>; Katrina Seipel <KAS@buckley-law.com>
**Subject:** RE: Hague case

Kimberly—

You stated you would send the subpoenas on Friday. I did not receive copies of them. Please send them to me, and please advise re: my below questions.

Thank you,

**Katrina Seipel**
Attorney at Law, Associate

 **BUCKLEY LAW** P.C.

*t* 503.620.8900 | *f* 503.620.4878
5300 Meadows Road, Suite 200 | Lake Oswego, OR 97035
KAS@buckley-law.com
www.buckley-law.com

 

Buckley Law emphasizes Business, Employment, Estate Planning, Family, Litigation & Real Estate Law

EXHIBIT 7
Page 3 of 4

This e-mail message, including any attachments, may contain attorney privileged and/or confidential information. The review, disclosure, distribution, or copying of this message by or to anyone other than the named addressee(s) is strictly prohibited. If you have received this message in error, please immediately notify me by reply e-mail and destroy the original and all copies of the message.

---

**From:** Katrina Seipel <KAS@buckley-law.com>
**Sent:** Wednesday, July 3, 2024 11:57 AM
**To:** Kimberly Brown <kbrown@pacificcascadefamilylaw.com>
**Cc:** Kailey Maginnis <kmaginnis@pacificcascadefamilylaw.com>; Katelyn Skinner <kds@buckley-law.com>; Wendy Goodyear <wag@buckley-law.com>; Katrina Seipel <KAS@buckley-law.com>
**Subject:** Hague case

Hi Kimberly—

As a reminder, I am waiting for responses on the following:

1. Please send me copies of the subpoenas you sent out in this matter.
2. Who translated your exhibits?

Also, I understand from your trial memo that you are no longer asserting the well-settled and Article 20 defenses. Will you please confirm? It would be a shame for me to prepare our case for trial on these defenses and then have your client be held responsible for my fees in this regard if you're indeed no longer asserting them.

Thank you,

**Katrina Seipel**
Attorney at Law, Associate



*t* 503.620.8900 | *f* 503.620.4878
5300 Meadows Road, Suite 200 | Lake Oswego, OR  97035
KAS@buckley-law.com
www.buckley-law.com

   

Buckley Law emphasizes Business, Employment, Estate Planning, Family, Litigation & Real Estate Law

This e-mail message, including any attachments, may contain attorney privileged and/or confidential information. The review, disclosure, distribution, or copying of this message by or to anyone other than the named addressee(s) is strictly prohibited. If you have received this message in error, please immediately notify me by reply e-mail and destroy the original and all copies of the message.

EXHIBIT 7
Page 4 of 4

**Wendy Goodyear**

| | |
|---|---|
| **From:** | Lisa Parsons <lparsons@pacificcascadefamilylaw.com> |
| **Sent:** | Wednesday, July 10, 2024 8:58 AM |
| **To:** | Katrina Seipel; Katelyn Skinner; Wendy Goodyear |
| **Cc:** | Kimberly Brown |
| **Subject:** | RE: 3:24-cv-00694-HZ Mondragon Martinez v. Vega Contreras |
| **Attachments:** | Subpoena - Dentist.pdf; Subpoena - ENT.pdf; Subpoena - School.pdf |

Katrina –

Attached are electronic copies of the Subpoenas for your information and records. I had planned to send them immediately after sharing the correctly labeled exhibits (I have not yet shared them as I received this message and wanted to respond first with the requested Subpoenas).

Warm regards,
Lisa



**Lisa Parsons**
Lead Paralegal
📞 (503) 227-0200
pacificcascadelegal.com
pacificcascadefamilylaw.com
9320 SW Barbur Blvd, Suite 160
Portland Oregon 97219



    

📍 Oregon: Portland, Beaverton, Lake Oswego, Oregon City, Tualatin, Salem, Eugene, Bend
Washington: Vancouver, Tacoma

NOT LEGAL ADVICE: I am not an attorney and I am not permitted to give legal advice.

Nothing in this communication is intended to provide legal advice and you should not interpret the contents as such.

PRIVILEGE/CONFIDENTIALITY NOTICE: This email may contain information that is privileged or confidential. Any transmission of this email to you by mistake is not intended to waive any privilege or confidentiality rights. If you have mistakenly received this email, please notify us immediately by replying to this message or telephoning us so we can arrange for its return or disposal. Do not review, disclose, copy, or distribute it. Thank you.

---

**From:** Katrina Seipel <KAS@buckley-law.com>
**Sent:** Wednesday, July 10, 2024 8:54 AM
**To:** Lisa Parsons <lparsons@pacificcascadefamilylaw.com>; Katelyn Skinner <kds@buckley-law.com>; Wendy Goodyear <wag@buckley-law.com>
**Cc:** Kimberly Brown <kbrown@pacificcascadefamilylaw.com>; Katrina Seipel <KAS@buckley-law.com>
**Subject:** RE: 3:24-cv-00694-HZ Mondragon Martinez v. Vega Contreras

Thank you, Lisa. When should I expect to be receiving copies of the subpoenas?

Thank you,

**Katrina Seipel**
Attorney at Law, Associate

EXHIBIT 8
Page 1 of 5



**BUCKLEY LAW P.C.**

*t*503.620.8900 | *f*503.620.4878
5300 Meadows Road, Suite 200 | Lake Oswego, OR  97035
KAS@buckley-law.com
www.buckley-law.com



Buckley Law emphasizes Business, Employment, Estate Planning, Family, Litigation & Real Estate Law

This e-mail message, including any attachments, may contain attorney privileged and/or confidential information. The review, disclosure, distribution, or copying of this message by or to anyone other than the named addressee(s) is strictly prohibited. If you have received this message in error, please immediately notify me by reply e-mail and destroy the original and all copies of the message.

**From:** Lisa Parsons <lparsons@pacificcascadefamilylaw.com>
**Sent:** Wednesday, July 10, 2024 8:53 AM
**To:** Katrina Seipel <KAS@buckley-law.com>; Katelyn Skinner <kds@buckley-law.com>; Wendy Goodyear <wag@buckley-law.com>
**Cc:** Kimberly Brown <kbrown@pacificcascadefamilylaw.com>; Maildrop - Oscar Vega (09f7e91a3+matter1594277178@maildrop.clio.com) <09f7e91a3+matter1594277178@maildrop.clio.com>
**Subject:** RE: 3:24-cv-00694-HZ Mondragon Martinez v. Vega Contreras

Good morning Katrina –

As you likely are aware, a Corrected Exhibit List was filed by Kimberly this morning renumbering Respondent's Exhibits as 501, 502, etc., pursuant to the instructions provided in the *Scheduling Order* in this case.

The exhibits previously served upon your office remain the same, with the exception of this corrected numbering/labeling, and redactions of the child's first name and date of birth.  Following this e-mail, I will send you a file share notification to ensure that you have complete access to the final electronic format of Respondent's exhibits.

Warm regards,
Lisa



**Lisa Parsons**
Lead Paralegal
📞 (503) 227-0200
✉ pacificcascadelegal.com
   pacificcascadefamilylaw.com
📍 9320 SW Barbur Blvd, Suite 160
   Portland Oregon 97219



📍 Oregon: Portland, Beaverton, Lake Oswego, Oregon City, Tualatin, Salem, Eugene, Bend
Washington: Vancouver, Tacoma

EXHIBIT 8
Page 2 of 5

NOT LEGAL ADVICE: I am not an attorney and I am not permitted to give legal advice.

Nothing in this communication is intended to provide legal advice and you should not interpret the contents as such.

PRIVILEGE/CONFIDENTIALITY NOTICE: This email may contain information that is privileged or confidential. Any transmission of this email to you by mistake is not intended to waive any privilege or confidentiality rights. If you have mistakenly received this email, please notify us immediately by replying to this message or telephoning us so we can arrange for its return or disposal. Do not review, disclose, copy, or distribute it. Thank you.

---

**From:** Lisa Parsons
**Sent:** Wednesday, July 10, 2024 8:49 AM
**To:** 'Jennifer Paget' <Jennifer_Paget@ord.uscourts.gov>
**Cc:** Katrina Seipel <KAS@buckley-law.com>; Kimberly Brown <kbrown@pacificcascadefamilylaw.com>; Katelyn Skinner <kds@buckley-law.com>
**Subject:** RE: 3:24-cv-00694-HZ Mondragon Martinez v. Vega Contreras

Good morning Ms. Paget –

A courier will be delivering Respondent's Exhibits a bit later this morning.  Is there a specific courtroom or office number that he should be delivering the Original and Judge's copy of the exhibit notebooks to?

Warm regards,
Lisa



### Lisa Parsons

Lead Paralegal
📞 (503) 227-0200
🌐 pacificcascadelegal.com
pacificcascadefamilylaw.com
📍 9320 SW Barbur Blvd, Suite 160
Portland Oregon 97219




📍 Oregon: Portland, Beaverton, Lake Oswego, Oregon City, Tualatin, Salem, Eugene, Bend
Washington: Vancouver, Tacoma

NOT LEGAL ADVICE: I am not an attorney and I am not permitted to give legal advice.

Nothing in this communication is intended to provide legal advice and you should not interpret the contents as such.

PRIVILEGE/CONFIDENTIALITY NOTICE: This email may contain information that is privileged or confidential. Any transmission of this email to you by mistake is not intended to waive any privilege or confidentiality rights. If you have mistakenly received this email, please notify us immediately by replying to this message or telephoning us so we can arrange for its return or disposal. Do not review, disclose, copy, or distribute it. Thank you.

---

**From:** Jennifer Paget <Jennifer_Paget@ord.uscourts.gov>
**Sent:** Monday, July 8, 2024 4:35 PM
**To:** Lisa Parsons <lparsons@pacificcascadefamilylaw.com>
**Cc:** Katrina Seipel <KAS@buckley-law.com>; Kimberly Brown <kbrown@pacificcascadefamilylaw.com>; Katelyn Skinner <kds@buckley-law.com>
**Subject:** RE: 3:24-cv-00694-HZ Mondragon Martinez v. Vega Contreras

The TMO filed in this case lays out the requirements for exhibits (i.e., tabbed, binder, etc).

EXHIBIT 8
Page 3 of 5



**Jennifer Paget** | Courtroom Deputy
United States District Court for the District of Oregon
Courtroom Deputy for The Honorable Marco A. Hernandez
U.S. District Court
(503) 326-8051
Jennifer_Paget@ord.uscourts.gov

---

**From:** Lisa Parsons <lparsons@pacificcascadefamilylaw.com>
**Sent:** Monday, July 8, 2024 4:24 PM
**To:** Jennifer Paget <Jennifer_Paget@ord.uscourts.gov>
**Cc:** Katrina Seipel <KAS@buckley-law.com>; Kimberly Brown <kbrown@pacificcascadefamilylaw.com>; Katelyn Skinner <kds@buckley-law.com>
**Subject:** RE: 3:24-cv-00694-HZ Mondragon Martinez v. Vega Contreras

<mark>CAUTION - EXTERNAL:</mark>

Good afternoon –

From Ms. Brown's sent e-mail folder, I see that several e-mails were sent to Katrina Seipel on July 1st seeking to confirm that she had no objections prior to submission of the exhibits. I was out of the office until today and will see if a response came in confirming no objection.

Can you please confirm the manner in which they need to be provided? I normally do not work on this matter with Attorney Brown, but am happy to assist in her absence.

Warm regards,
Lisa



**Lisa Parsons**

Lead Paralegal

📞 (503) 227-0200

📧 pacificcascadelegal.com
pacificcascadefamilylaw.com

📍 9320 SW Barbur Blvd, Suite 160
Portland Oregon 97219





📍 Oregon: Portland, Beaverton, Lake Oswego, Oregon City, Tualatin, Salem, Eugene, Bend
Washington: Vancouver, Tacoma

NOT LEGAL ADVICE: I am not an attorney and I am not permitted to give legal advice.

Nothing in this communication is intended to provide legal advice and you should not interpret the contents as such.

PRIVILEGE/CONFIDENTIALITY NOTICE: This email may contain information that is privileged or confidential. Any transmission of this email to you by mistake is not intended to waive any privilege or confidentiality rights. If you have mistakenly received this email, please notify us immediately by replying to this message or telephoning us so we can arrange for its return or disposal. Do not review, disclose, copy, or distribute it. Thank you.

4

EXHIBIT 8
Page 4 of 5

**From:** Jennifer Paget <Jennifer_Paget@ord.uscourts.gov>
**Sent:** Monday, July 8, 2024 3:43 PM
**To:** Lisa Parsons <lparsons@pacificcascadefamilylaw.com>
**Cc:** Katrina Seipel <KAS@buckley-law.com>; Kimberly Brown <kbrown@pacificcascadefamilylaw.com>; Katelyn Skinner <kds@buckley-law.com>
**Subject:** FW: 3:24-cv-00694-HZ Mondragon Martinez v. Vega Contreras

Please see my question below.  I rec'd Ms. Brown's OoO msg.  We need the exhibits ASAP.



**Jennifer Paget** | Courtroom Deputy
United States District Court for the District of Oregon
Courtroom Deputy for The Honorable Marco A. Hernandez
U.S. District Court
(503) 326-8051
Jennifer_Paget@ord.uscourts.gov

---

**From:** Jennifer Paget
**Sent:** Monday, July 8, 2024 3:13 PM
**To:** kas@buckley-law.com; kbrown@pacificcascadefamilylaw.com; kds@buckley-law.com
**Subject:** 3:24-cv-00694-HZ Mondragon Martinez v. Vega Contreras

Ms. Brown – your exhibits are over due to the Court.  Please advise of status ASAP.  Thank you.



**Jennifer Paget** | Courtroom Deputy
United States District Court for the District of Oregon
Courtroom Deputy for The Honorable Marco A. Hernandez
U.S. District Court
(503) 326-8051
Jennifer_Paget@ord.uscourts.gov

---

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

EXHIBIT 8
Page 5 of 5

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

DISTRICT COURT OF OREGON ▾

LILLIANA JACQUELINE MONDRAGON MARTINEZ

_____
*Plaintiff*

v.

OSCAR AURELIO VEGA CONTRERAS

_____
*Defendant*

)
)
)
)
)
)

Civil Action No. 3:24-cv-00694-JR

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Atten: Custodian of Records
Virginia Garcia Memorial Health
1151 North Adair Street
Cornelius, OR 97113

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: COPIES OF ALL RECORDS RELATED TO: S▮▮▮▮ V▮ M▮▮▮▮▮▮▮
DOB: **/**/2016 SSN: ▮ - ▮ -2462

| Place: PACIFIC CASCADE LEGAL LLC<br>9320 SW Barbur Blvd, Suite 160<br>Portland, Oregon 97219 | Date and Time:<br><br>07/05/2024 1:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/26/2024

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

*Kimberly Brown*
_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
OSCAR AURELIO VEGA CONTRERAS                                      , who issues or requests this subpoena, are:
Kimberly S. Brown, OSBNo. 983861, Pacific Cascade Legal LLC          t. 503.227.0200
9320 SW Barbur Blvd, Suite 160, Portland, Oregon 97219            e. kbrown@pacificcascadefamilylaw.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT 9
Page 1 of 3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:24-cv-00694-JR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows:
Custodian of Records, Virginia Health Center, 1151 North Adar St, ~~Cornelius, OR 97113~~

by USPS _____ on *(date)* 06/26/2024 _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:    06/26/2024 _____

*Kimberly Brown*
_____
*Server's signature*

Kimberly S. Brown
_____
*Printed name and title*

Pacific Cascade Legal LLC
9320 SW Barbur Blvd, Suite 160
Portland, Oregon 97219
_____
*Server's address*

Additional information regarding attempted service, etc.:

EXHIBIT 9
Page 2 of 3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT 9
Page 3 of 3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### DISTRICT COURT OF OREGON ▼

| | |
|---|---|
| LILLIANA JACQUELINE MONDRAGON MARTINEZ | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.  3:24-cv-00694-JR |
| OSCAR AURELIO VEGA CONTRERAS | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Atten: Custodian of Records
434 S 1st Ave
Hillsboro, Oregon 97123

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: COPIES OF ALL RECORDS RELATED TO: S█████ V███ M█████
DOB: **/**/2016  SSN: ***-**-2462

| Place: PACIFIC CASCADE LEGAL LLC | Date and Time: |
|---|---|
| 9320 SW Barbur Blvd, Suite 160 Portland, Oregon 97219 | 07/05/2024 1:00 pm |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  06/26/2024

| *CLERK OF COURT* | OR | *Kimberly Brown* |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
OSCAR AURELIO VEGA CONTRERAS                                              , who issues or requests this subpoena, are:
Kimberly S. Brown, OSBNo. 983861, Pacific Cascade Legal LLC     t. 503.227.0200
9320 SW Barbur Blvd, Suite 160, Portland, Oregon 97219            e. kbrown@pacificcascadefamilylaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT 10
Page 1 of 3

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:24-cv-00694-JR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

Atten: Custodian of Records
434 S 1st Ave
Hillsboro, Oregon 97123   by USPS _____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   06/26/2024           *Kimberly Brown*
                         _____
                              *Server's signature*

                              Kimberly S. Brown
                         _____
                              *Printed name and title*

                              Pacific Cascade Legal LLC
                              9320 SW Barbur Blvd, Suite 160
                              Portland, Oregon 97219
                         _____
                              *Server's address*

Additional information regarding attempted service, etc.:

EXHIBIT 10
Page 2 of 3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT 10
Page 3 of 3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### DISTRICT COURT OF OREGON ⏷

| | |
|---|---|
| LILLIANA JACQUELINE MONDRAGON MARTINEZ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:24-cv-00694-JR |
| OSCAR AURELIO VEGA CONTRERAS | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Atten: Custodian of Records
Virginia Garcia Memorial Health
1151 North Adair Street
Cornelius, OR 97113
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: COPIES OF ALL RECORDS RELATED TO: S███ V███ M████████
DOB: **/**/2016 SSN: ***-**-2462

| Place: PACIFIC CASCADE LEGAL LLC | Date and Time: |
|---|---|
| 9320 SW Barbur Blvd, Suite 160 Portland, Oregon 97219 | 07/05/2024 1:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/26/2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *Kimberly Brown* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
OSCAR AURELIO VEGA CONTRERAS _____, who issues or requests this subpoena, are:
Kimberly S. Brown, OSBNo. 983861, Pacific Cascade Legal LLC     t. 503.227.0200
9320 SW Barbur Blvd, Suite 160, Portland, Oregon 97219          e. kbrown@pacificcascadefamilylaw.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT 11
Page 1 of 3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:24-cv-00694-JR

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows:
Custodian of Records, Virginia Health Center, 1151 North Adar St, ~~Cornelius, OR 97113~~

by USPS _____ on *(date)* 06/26/2024 _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 06/26/2024 _____

*Kimberly Brown*
_____
*Server's signature*

Kimberly S. Brown
_____
*Printed name and title*

Pacific Cascade Legal LLC
9320 SW Barbur Blvd, Suite 160
Portland, Oregon 97219
_____
*Server's address*

Additional information regarding attempted service, etc.:

EXHIBIT 11
Page 2 of 3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT 11
Page 3 of 3