Katelyn D. Skinner, OSB No. 105055
Katrina Seipel, OSB No. 164793
Buckley Law, P.C.
5300 Meadows Road, Suite 200
Lake Oswego, OR  97035
Telephone:  503-620-8900
Fax:  503-620-4878
Emails:  kds@buckley-law.com
         kas@buckley-law.com
Of Attorneys for Petitioner Liliana Mondragón Martinez

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| In re the Application of: | Case No.: 3:24-cv-00694-HZ |
| LILIANA JACQUELINE MONDRAGÓN MARTINEZ, | |
| Petitioner, | MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION FOR ATTORNEY FEES AND COSTS |
| and | |
| OSCAR AURELIO VEGA CONTRERAS, | |
| Respondent. | |

The Convention on the Civil Aspects of International Child Abduction
Done at the Hague on 25 Oct 1980
International Child Abduction Remedies Act, 22 USC § 9001 *et seq*.

COMES NOW, Petitioner Liliana Mondragón Martinez, by and through her attorneys of record, Katrina Seipel and Buckley Law, P.C., and submits the following Memorandum of Law in support of her request for attorney fees and costs incurred in this matter.

//

Page 1 – MEMORANDUM IN SUPPORT OF PETITIONER'S STATEMENT OF FEES AND COSTS

## APPLICABLE LAW

On July 29, 2024, the Court issued its Findings of Fact and Conclusions of Law, Doc. 44, allowing Petitioner 14 days following July 29, 2024 within which to move for her attorney fees and costs. Thus, Petitioner's Motion is timely made.

This request for attorney fees and costs is made pursuant to FRCP 54(d). Additionally, Hague Convention law requires the Court to, upon granting a petition for return, "order the respondent to pay necessary expenses incurred by or on behalf of the petitioner" in the proceeding "unless the respondent establishes that such order would be clearly inappropriate." 22 U.S.C. § 9007(b)(3). Put another way, this Court must order Respondent to pay Petitioner's reasonably incurred attorney fees and costs unless Respondent meets his burden in establishing that such an order would be clearly inappropriate.

Petitioner anticipates Respondent advancing the argument that requiring him to pay Petitioner's attorney fees and costs would be clearly inappropriate because Petitioner's counsel provided her services pro bono. However, *Cuellar v. Joyce* makes clear that lawyers providing pro bono services does not make a fee award inappropriate. 603 F.3d 1142, 1143 (9th Cir. 2010). As in *Cuellar*, "[a]n award of fees in this case will encourage other lawyers to advance legal services to impecunious clients in the expectation that they will be compensated if successful. This will help ensure that the Convention not go unenforced merely because a parent whose child is abducted lacks the resources to pay for counsel." *Id.*

## ANALYSIS

### I. Attorney Fees

The lodestar method is traditionally used to determine an appropriate award of attorney fees in a Hague Convention case. *Salazar v. Maimon*, 750 F.3d 514, 523 (5th Cir.

2014). With the lodestar approach, first, the starting point is the number of hours counsel reasonably expended on the litigation multiplied by a reasonable hourly rate. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). The accompanying Declaration of Counsel in Support of Petitioner's Motion for Attorney Fees and Costs sets forth the number of hours Petitioner's counsel expended on the case, as well as the factors the Court must consider under the lodestar approach. The Court should find that the total number of hours expended by Petitioner's attorneys is reasonable given the circumstances of this case. The hourly rates charged by attorneys Katelyn Skinner and Katrina Seipel are within the range of hourly billing rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995). *See also* Oregon State Bar Economic Survey, Exhibit 2 to Declaration of Counsel in Support of Petitioner's Motion for Attorney Fees and Costs. Additionally, Petitioner is entitled to recover fees for her attorneys' paralegals, legal assistant, and project assistant's work. *Northcross v. Bd. of Ed. of Memphis City Sch.*, 611 F.2d 624, 639 (6th Cir. 1979) (stating that paralegal fees are compensable).

Second, a court may adjust the "lodestar amount" using a "multiplier" based on factors not considered in the initial calculation of the lodestar amount. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Here, Petitioner requests that the Court apply a multiplier of 2.0 to her requested attorney fees of $96,087.50, for a total requested amount of $192,175.00, due to the nature of this case and the conduct of Respondent and his counsel throughout this litigation. Multipliers may be considered and applied in federal cases pursuant to state law, *Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470 (9th Cir. 1995), and Oregon state law permits application of a multiplier when it is supported by the facts and circumstances of the case, *Griffin v. TriMet*, 112 Or. App. 575, 585 (1992). *See also Moro v. State*, 360 Or. 467 (2016) (holding

that application of a fee multiplier may be appropriate when the attorney's payment is based on a contingency fee arrangement or there may otherwise be some delay in getting paid). Moreover, courts have "substantial discretion" in applying and awarding multipliers. *Beck v. Metro. Prop. & Cas. Ins. Co.*, 727 F. App'x 330, 331 (9th Cir. 2018).

In this matter, application of a multiplier is entirely appropriate. First and foremost, application of a multiplier is warranted in this case due to Respondent's and his counsel's unreasonable conduct throughout this litigation. As a few examples:

1. Pre-trial, Respondent failed to abide by Court imposed deadlines, leaving the parties on unequal playing fields.

2. Respondent did not timely produce pertinent discovery.

3. When Respondent did not timely produce discovery, Respondent's counsel misrepresented to the Court that she had subpoenaed such discovery. She had not in fact done so, as elaborated on in Petitioner's prior filed Motion for Sanctions.

4. Petitioner, not wanting to delay her case that her child should be returned, was forced to prepare her case for trial without relevant documents that may have bolstered her case. In so doing, she took a tremendous risk.

5. Respondent claimed to be calling a host of witnesses at trial to testify regarding cartel violence in Mexico. As such, Petitioner's counsel spent an exorbitant amount of time researching the law pertaining to the Article 20 defense and planning Petitioner's arguments against application of the defense. Respondent did not call a single of these purported witnesses.

6. Respondent introduced irrelevant and, frankly, ludicrous exhibits at trial. To this day, this counsel cannot understand why pictures of dead bodies were warranted and even remotely relevant to the case at hand.

7.  In addition to the Article 20 defense, Respondent asserted no reasonable defenses. He alleged that Mexico was not the child's habitual residence prior to the child coming to the United States, despite telling the child's Oregon physicians that the child had been living in Mexico with his mother for over 4 years. He asserted acquiescence with no evidence whatsoever of the same. He argued the well settled defense, despite also stipulating to the date of wrongful retention being less than one year prior to the date of the filing of the Petition on this matter. And he asserted the defense of grave risk of harm due to his own opinion of the child's medical care in Mexico, which medical care he admittedly played no part in and could not testify one way or the other whether it was or was not "legitimate". Respondent's asserted defenses were frivolous, had no basis in law, and were a complete and total waste of the Court's, Petitioner's, and Petitioner's counsel's time.

8.  Moreover, at trial, Respondent stipulated that the parties have a custodial and parenting time judgment out of Mexico. At the same time, though, Respondent advanced arguments that the judgment is void and also that the judgment does not actually grant Petitioner custody of the child. He also claimed that he never really agreed to the judgment and, even if he did agree, he did not understand what he was agreeing to. Petitioner was then forced to defend such baseless claims.

9.  Respondent, at trial, asked this Court to award him custody of the parties' child. Asking the Court to take an action it does not have the authority to take is not a reasonable request.

Considering these facts, it is abundantly clear that Respondent's and his counsel's conduct throughout this litigation was unreasonable, frivolous, and multiplied the

proceedings without justification. Petitioner's counsel spent an exorbitant amount of time both pre-trial and at trial making a case around Respondent's asserted baseless defenses. At the conclusion of trial, Respondent had just one "clear" defense: that he was justified in not returning the child because he did not like Petitioner's attitude. Clearly, such a defense is not based in law. Whether Respondent's and his counsel's litigation tactics were a result of disorganization or deliberate multiplication of the proceedings is irrelevant. What is relevant here is that Petitioner's counsel worked tirelessly responding to the issues created by Respondent and his counsel in this litigation.

Second, this Court should apply a multiplier to the attorney fee award in this matter because Petitioner's counsel obtained an extraordinary result for Petitioner. The result obtained, return of a minor child to his sole custodial parent and the Court condoning parental child abduction, is about as great a result as one can achieve in our litigation system. This result is reflective of not only Petitioner's good faith conduct, but also the skill of Petitioner's attorneys. Petitioner's attorneys' strategy regarding which arguments to advance surrounding the child's habitual residence and the date of the child's wrongful retention won this matter for Petitioner. Counsel for Respondent has, seemingly, yet to understand the distinction and law in this regard, which only makes clearer that the skill of Petitioner's attorneys is incredibly high.

Third, as detailed in the Declaration of Counsel submitted herewith, Respondent refused to make any attempt at settlement. To the contrary, he made bad faith offers to settle the case.

Fourth, Petitioner's attorney took on this case pro bono, accepting a great risk of not being compensated for her work. Until 6:30 am on the first day of trial, when Respondent stipulated to the date of wrongful retention thereby "killing" his well settled defense, Respondent had a decent argument the child should not be returned because he

was well settled in Oregon. Aside from juggling Respondent's and his counsel's conduct throughout the pre-trial phase of this case, Petitioner's counsel spent the vast majority of her time preparing for trial preparing to tackle this sole defense. To be clear, Respondent very well may have prevailed in this case had he not stipulated to the date of wrongful retention and aptly litigated the well settled defense. Based on Hague Convention case law pertaining to this defense, Petitioner's counsel seriously risked that they may not ever be paid for their extensive efforts for a mother and her child.

Last, ordering an enhanced fee in this matter will encourage other attorneys, outside the limited pool of attorneys who currently handle Hague Convention cases in Oregon, to step forward to represent petitioners, left behind parents who have had their children abducted from them, who may not be able to afford legal representation to do what is best for their children. Similarly, a fee enhancement here will, hopefully, deter respondents, taking parents, from asserting meritless claims and defenses solely because they do not like their ex-partner's attitude.

In sum, this lawsuit proved more costly than necessary to litigate because of Respondent's and Respondent's counsel's tactics, and, therefore, application of a fee multiplier is appropriate. Petitioner respectfully requests that this Court apply a 2.0 multiplier to her requested attorney fees. Use of a multiplier based on tactics similar to those described above is justified, warranted, and supported by the case law. *See Price v. Country Preferred Insurance Company*, Case No. 11-08-47250.

## II. Costs

Petitioner requests costs in the amount of $12,257.65, a summary of which is set forth in the table below. FRCP 54(d) provides for an award of costs to the prevailing party unless the Court otherwise directs. Recoverable costs are enumerated in 28 U.S.C. § 1920 and 22 U.S.C. § 9007(b)(3), and are further defined in caselaw. *See Crawford Fitting*

*Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437 (1987) (holding that courts are guided by the applicable statutes in allowing recovery of certain costs, even if such costs are not specifically enumerated in 28 U.S.C. § 1920). To that end, Hague Convention cases have consistently given 22 U.S.C. § 9007(b)(3) a broader scope than 28 U.S.C. § 1920. *See Rath v. Marcoski*, 2017 WL 9401107 (M.D. Fla. 2017) (awarding Petitioner's airfare and hotel expenses); *Cuellar v. Joyce*, 603 F.3d 1142 (9th Cir. 2010) (awarding an attorney's transportation and lodging costs, as well as the costs of shipping briefs and other filings to the court). The costs detailed in the below table are recoverable and should be awarded to Petitioner in full.

| DESCRIPTION OF COST | TOTAL |
|---|---|
| Filing Fee | $405.00 |
| Process Server – Service on Respondent | $65.00 |
| Process Server – Service of witness subpoena/witness fee | $154.61 |
| Mileage/Parking | $122.99 |
| Copy costs (2,370 pages x $0.25/pg) | $592.50 |
| Translation of documents | $4,309.55 |
| Interpretation services | $6,270.00 |
| Transcript costs | $338.00 |
| **Total Costs** | **$12,257.65** |

//
//
//

## CONCLUSION

Petitioner requests a total award of $204,432.65, consisting of attorney fees in the amount of $96,087.50, application of a 2.0 multiplier, and costs totaling $12,657.65. Respectfully submitted this 12th day of August, 2024.

*/s/ Katrina Seipel*
Katrina Seipel, OSB #164793
Of Attorneys for Petitioner

## CERTIFICATE OF COMPLIANCE

As provided in LR 54-3(e), this Memorandum does not exceed 3,000 words or, in the alternative, ten pages.

*/s/ Katrina Seipel*
Katrina Seipel, OSB #164793
Of Attorneys for Petitioner
kas@buckley-law.com

## CERTIFICATE OF SERVICE

I certify that this document was served, on August 12, 2024, by electronic service through the CM/ECF filing system and by e-mail, upon Kimberly S. Brown, at kbrown@pacificcascadefamilylaw.com.

*/s/ Katrina Seipel*
Katrina Seipel, OSB #164793
Of Attorneys for Petitioner
kas@buckley-law.com